UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARGARITA ANNEX SPE, LLC et al.,<br><br>             Plaintiffs,<br><br>     vs.<br><br>COMPASS PARTNERS, LLC et al.,<br><br>             Defendants. | 2:14-cv-00038-RCJ-GWF<br><br>**ORDER** |

Defendant Platinum Financial Trust, LLC ("Platinum") holds a judgment against Defendant Compass Partners, LLC ("Compass"). (*See* Compl. ¶ 21, ECF No. 1). The judgment of $540,632.18 was rendered in favor of Debt Acquisition Co. of America V, LLC ("DACA V") in the bankruptcy court in this District, and DACA V later assigned the judgment to Platinum. (*See id.* ¶¶ 20–21). When Platinum levied a writ of execution upon Plaintiff Margarita Annex SPE, LLC ("Margarita"), Plaintiff and Donna Cangelosi filed the present interpleader action because they believe the funds are contested as between Platinum and Compass. Platinum has moved for summary judgment, arguing that Plaintiffs filed the present action in bad faith to delay payment of the funds, because the judgment makes clear that there is no dispute that Platinum is entitled to the funds as against Compass. Compass has not responded, because Plaintiffs have

not served it,[1] which is pretty good evidence that Plaintiffs do not intend the present interpleader action in good faith.

The Court will address the present matter as follows: (1) all pending motions will be denied; (2) Compass will be dismissed without prejudice under Rule 4(m); and (3) the case will be dismissed for lack of subject matter jurisdiction because there are fewer than two Defendants. *See* 28 U.S.C. § 1335(a)(1); *Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988). Nor is there subject matter jurisdiction under § 1332(a), as implied in the Complaint, because Plaintiffs bring no claim against any Defendant but seek only to interplead funds.

In response, Plaintiffs propose to amend the Complaint to name Asset Resolution, LLC in place of Compass. Plaintiffs argue in their motion to amend that there is no evidence Compass ever purchased any part of the Margarita loan, so Platinum cannot levy against Margarita funds to satisfy its assigned judgment against Compass. Plaintiffs, however, provide no basis beyond speculation for believing that *Asset Resolution* has any claim to the Margarita funds, so there is no basis to interplead funds as between Platinum and Asset Resolution.[2] Plaintiffs also argue that there are three Margarita direct lenders (or their heirs) who have not been compensated and

---

[1] The Clerk filed its notice of intent to dismiss as against Compass without prejudice under Rule 4(m) in May 2014.

[2] Plaintiffs' suggestion that some portion of the funds might escheat to the bankruptcy estate, i.e., Asset Resolution, and that Platinum and Asset Resolution are therefore rival claimants, is not well-taken. Escheat to the debtor cannot occur as to any funds in which Platinum has a valid claim, because escheat by definition only occurs where there is unclaimed property in the estate after the time to claim such property has expired, which is not the case as to the Margarita funds in the Asset Resolution bankruptcy. *See* 11 U.S.C. § 347(b). In any case, § 347(b) only applies to chapter 9, 11, and 12 bankruptcies, not to Asset Resolution's chapter 7 bankruptcy. *See id.* In chapter 7 bankruptcies, any unclaimed property of the bankruptcy estate after final distribution—which, to say the least, has not yet happened in Asset Resolution's bankruptcy—is paid into the court for distribution under Chapter 129 of Title 28, i.e., to be deposited with the U.S. Treasury to the credit of the court. *See id.* § 347(a); 28 U.S.C. § 2041.

who do not recall selling their interests to Compass. But Plaintiffs have never attempted to join those unidentified direct lenders as defendants-in-interpleader, nor have they proposed such a joinder in the present motion. In summary, the proper form of action under the circumstances—if a separate action is even necessary beyond simply asking the Court to adjudicate the matter in the underlying bankruptcy case, where Platinum might also bring its motion to compel—would be a declaratory judgment action by Plaintiffs against Platinum under 28 U.S.C. § 2201 to determine Platinum's interest in the Margarita funds by way of its judgment against Compass.

## CONCLUSION

IT IS HEREBY ORDERED that Compass Partners, LLC is DISMISSED under Rule 4(m), the case is DISMISSED for lack of subject matter jurisdiction, and the Clerk shall close the case.

IT IS FURTHER ORDERED that all pending motions are DENIED.

IT IS SO ORDERED.

Dated: This 16th day of September, 2014.

_____
ROBERT C. JONES
United States District Judge